WILLIAM J. LUCAS AND ROGENE LUCAS, APPEL
LANTS, v. LEHMANN M. PAGE, RESPONDENT.

No. 7024

June 6, 1973                              510 P.2d 868

*John Marshall,* of Las Vegas, for Appellants.

*Denton and Monsey,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On October 16, 1970 Lehmann Page sued the Lucases on a promissory note for $8,000.00. The note had been executed by the Lucases in favor of Page as a compromise settlement of a previous lawsuit which involved the dissolution of their business relationship in an insurance adjustment enterprise in Las Vegas. In the present action the Lucases moved for leave to file a counterclaim, the basis of which alleged the same facts of the lawsuit that had already been determined both at trial and on appeal in the previous lawsuit. Las Vegas Insurance Adjusters Inc. v. Page, 88 Nev. 16, 492 P.2d 616 (1972). In general, the Lucases claim that they did not know at the time of the settlement that Lehmann Page and Barbara Page, at that time husband and wife, had misappropriated $33,363.00 from

the insurance business and that had they possessed this information they would not have signed the note. They further claimed that since a judgment had been entered against Barbara Page for $33,363.00 the $8,000.00 note should be set off against that amount.

This appeal is from the denial of the motion for leave to file the counterclaim and for a continuance of the trial setting.

1. At issue is whether an order denying a motion for leave to file a counterclaim and for a continuance is an appealable order. We hold that it is not. No appeal will be allowed unless authorized by statute or by rule of court. Bates v. Nevada Savings & Loan Ass'n, 85 Nev. 441, 443, 456 P.2d 450, 451 (1969). The right of appeal has been fixed by NRCP 72(b)[1] and an appeal is not allowed if it is outside the scope of that rule. Casino Operations, Inc. v. Graham, 86 Nev. 764, 765, 476 P.2d 953, 954 (1970). The order complained of in this appeal is beyond the scope of that rule. It does not constitute a "final judgment" from which an appeal is proper. Midstate Hauling Co. v. Liberty Mutual Insurance Co., 189 So.2d 826 (Fla.App. 1966); Pester v. Lowe, 165 N.W.2d 95 (Neb. 1969). Cf. Farmers Cooperative Ins. Co. v. Hicks, 182 S.E.2d 895 (Ga. 1971).

This appeal is premature.

Appeal dismissed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.

---

[1]NRCP 72(b):

"(1) From a final judgment in an action or proceeding in the court in which the judgment is rendered.

(2) From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointment or refusing to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment.

(3) From an interlocutory judgment, order or decree made or entered in actions to redeem real or personal property from a mortgage thereof or lien thereon. . . ."