WILLIAM J. LUCAS and ROGENE LUCAS, Appellants,
*v.* LEHMAN M. PAGE, Respondent.

No. 7744

July 31, 1975                    538 P.2d 165

494

*John Marshall,* Las Vegas, for Appellants.

*Ralph L. Denton,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The central issue in this appeal from a judgment on a promissory note is directed to the trial court's order denying appellants' motion to file a counterclaim.[1] Appellants also contend the evidence does not support the findings of fact and conclusions of law entered by the trial court.

1. The proposed counterclaim was predicated on a default judgment in the amount of $33,363 obtained against respondent's former wife by Las Vegas Insurance Adjustors, Inc., a corporation wholly owned by the appellants, William and Rogene Lucas.

Respondent's liability to the corporation on the $33,363 default judgment against his former wife was exonerated by summary judgment in his favor, which was affirmed by this court. See Las Vegas Insurance Adjustors v. Page, 88 Nev. 16, 492 P.2d 616 (1972).

Appellants offer no legal theory upon which they might, either in their individual capacity or as stockholders of the corporation, have either an equal or different claim than the

---

[1]Appellants had previously sought pretrial appellate resolution of the issue. See Lucas v. Page, 89 Nev. 248, 510 P.2d 868 (1973).

corporation against respondent; and, since respondent's non-liability has already been adjudicated appellants were barred under the doctrine of *res judicata* from trying to relitigate the issue.

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, . . ." Southern Pacific Railr'd v. United States, 168 U.S. 1, 48–49 (1897). Accord: Tomiyasu v. Golden, 81 Nev. 140, 400 P.2d 415 (1965); Smith v. Gray, 50 Nev. 56, 250 P. 369 (1926). See also, Baker v. Cummings, 181 U.S. 117 (1901); Kuiken v. Garrett, 51 N.W.2d 149 (Iowa 1952); and, Pakas v. Hollingshead, 77 N.E. 40 (N.Y. 1906), each of which hold the doctrine of *res judicata* applicable to a counterclaim or set-off.

2. The record adequately supports the findings of fact and conclusions of law; therefore, they will not be disturbed on appeal. See Western Indus., Inc. v. General Ins. Co., 91 Nev. 222, 533 P.2d 473 (1975), and cases cited therein.

Affirmed.