JACKLYN SPILSBURY, Appellant, v.
JERALD SPILSBURY, Respondent.

No. 8318

August 25, 1976          553 P.2d 421

*Albright & McGimsey,* Las Vegas, for Appellant.

*Rose, Edwards & Hunt, Ltd.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Jacklyn and Jerald Spilsbury were divorced in April, 1974. A portion of the decree "ratified, affirmed, approved and confirmed" a property settlement agreement.

In August, 1974, Jacklyn filed a motion, under NRCP 60(b), to set aside the decree challenging, *inter alia,* the property settlement agreement on the basis of (1) fraud; (2) misrepresentation by Jerald; and, (3) mistake as to the value of community assets.

At the conclusion of an evidentiary hearing, the district court resolved all three contentions against Jacklyn in an order entered January 28, 1975. Instead of timely appealing that order, Jacklyn, on May 6, 1975, elected to file a separate action to vacate the property settlement agreement, contending

the agreement was a product of (1) fraud; (2) misrepresentation; and, (3) mistake.

The district court granted Jerald's motion to dismiss the May, 1976, complaint; and, Jacklyn has appealed delineating several reasons why she feels we should reverse. However, we need not, and therefore do not, consider and resolve her contentions. The validity of the property settlement agreement had already been adjudicated; therefore, Jacklyn was barred under the doctrine of *res judicata* from trying to relitigate the issue.

Under that doctrine, a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established. See Lucas v. Page, 91 Nev. 493, 494, 538 P.2d 165 (1975), and cases cited therein. See also, Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972).

The district court's order is affirmed.