BILLY DEAN YORK, Appellant, v. JEANNE DARLENE YORK, Respondent.

No. 14459

June 15, 1983                                    664 P.2d 967

---

*Petty and Petty,* Reno, for Appellant.

*Werner H. Tobeler,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal results from a judgment awarding $15,000 to respondent in a divorce action. We reverse.

Appellant and respondent have been married twice with the first marriage occurring on May 8, 1976. At the time of this marriage, respondent decided to move into appellant's home even though she had a home of her own which she had received in a prior divorce proceeding. Sometime during her first marriage to appellant, repondent sold the house and received $15,000. This money was put into a joint account and was used to pay bills, buy clothes, finance family trips and to make improvements to appellant's separate property. By the time respondent was granted her first divorce from appellant on November 15, 1979, the proceeds from the sale of her house had been completely dissipated. In the first divorce action, respondent did not make any claim to the $15,000.

Approximately two weeks after their divorce, appellant and respondent began living together again. Then, on December 8, 1979, less than a month after their divorce, appellant and respondent remarried. On October 15, 1982, respondent was granted her second divorce from appellant. In the divorce decree and judgment, the district court ordered appellant to pay respondent the sum of $15,000 for the money which she

had contributed to the community during the couple's marriage. Appellant contends that the district court erred by awarding respondent $15,000 because any claim to those funds is barred by the doctrine of res judicata. We agree with appellant and, therefore, we reverse and remand.

In Bennett v. Fidelity & Deposit Co., 98 Nev. 449, 452, 652 P.2d 1178, 1180 (1982), quoting with approval, Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 122 P.2d 892 (Cal. 1942), we recently held:

> In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

In the instant case, the three prongs of the *Bernhard* test have been satisfied. The issue decided in the first divorce is identical with the one presented here, *i.e.,* the division and settlement of the couple's property. The fact that Mrs. York did not make a claim to the $15,000 at the time of the first divorce is of no consequence because "a judgment is conclusive not only on the questions actually contested and determined, but on all matters which might have been litigated and decided in the suit." 50 C.J.S. Judgments ¶ 716 (1947). *See also* Compton v. Compton, 612 P.2d 1175 (Idaho 1980); Kernan v. Kernan, 78 Nev. 93, 369 P.2d 451 (1962). Therefore, since any claim to the $15,000 could have been litigated and decided in the first divorce action, respondent is precluded from raising the issue in the second action. Furthermore, the first divorce decree was a final judgment on the merits and the parties were identical. Accordingly, we find that respondent's claim to the $15,000 is barred by the doctrine of res judicata.

In view of our holding, it is unnecessary to consider the other issues raised by the parties. Accordingly, we reverse and remand. On remand, the district court should determine whether it is necessary to redistribute the community assets in light of our determination that respondent is not entitled to the $15,000 which she was awarded.