JEREMY HAMPTON, Appellant, *v.* WASHOE COUNTY, a Political Subdivision of the State of Nevada, Respondent.

No. 14307

December 1, 1983                    672 P.2d 640

*Hall & Haveson,* Reno, for Appellant.

---

*Mills B. Lane,* District Attorney, Washoe County, for Respondent.

**OPINION**

*Per Curiam:*

Appellant filed a complaint in district court alleging that he had been unlawfully demoted, transferred and discharged from his employment with respondent Washoe County. Respondent answered the complaint and later filed a motion for summary judgment. The motion was based on the argument that under the doctrine of res judicata, prior litigation between the parties precluded appellant from bringing the second lawsuit. The district court granted summary judgment and this appeal followed.

Respondent initially contends that this case is unreviewable and, presumably, should therefore be dismissed because appellant failed to serve a statement of the issues upon which he intended to rely on appeal after designating only a portion of the record on appeal.

Under NRAP 10(d) if an appellant does not designate the complete record as the record on appeal he is required to serve a statement of the issues on which he intends to rely. As we stated in Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 620, 668 P.2d 1075, 1078 (1983):

> The purpose of the statement of points is to inform the respondent of the points in issue on appeal, so that the respondent may determine whether the material designated for inclusion in the record is sufficient for him to answer the appellant's contentions and present a fair and complete picture of the issues. Noncompliance with the rule is not ground for dismissal of the appeal unless the respondent has shown that he was misled or prejudiced by the appellant's noncompliance, and has had insufficient time to supplement an otherwise incomplete record. *See* Basic Refractories v. Bright, 71 Nev. 248, 256, 286 P.2d 747, 751 (1955); Christensen v. Pryor, 255 P.2d 195, 197 (Ariz. 1953). *See also* Island Creek Coal Co. v. Local 1827, UMW, 568 F.2d 7 (6th Cir. 1977).

Respondent has not complained that it was misled or prejudiced by appellant's failure to file a statement of issues; nor has respondent alleged that it had insufficient time within which to supplement an otherwise incomplete record on appeal. Consequently we reject this contention.[1]

Appellant contends that the lower court erred in granting summary judgment because a material issue of fact exists regarding the issues litigated in the previous case. We agree.

Summary judgment is appropriate only where the pleadings and papers on file show there is no genuine issue of fact, and that the moving party is entitled to judgment as a matter of law. Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d

---

[1] If the record is insufficient to allow review of a lower court's decision, we will presume the lower court acted correctly. *See* Stover v. Las Vegas Int'l Country Club, 95 Nev. 66, 589 P.2d 671 (1979). In the present case there is no indication that any of the documentary evidence in support of the motion for summary judgment has been left out of the record on appeal.

533 (1982). In evaluating the propriety of a summary judgment, the evidence will be reviewed in the light most favorable to the party against whom summary judgment was rendered. Servaites v. Lowden, 99 Nev. 240, 660 P.2d 1008 (1983). Further, in the absence of a clearly established defense, summary judgment must be denied. Hicks v. BHY Trucking, Inc., 99 Nev. 519, 665 P.2d 253 (1983).

In order to uphold a plea of res judicata it is necessary to establish that the issue decided in the prior adjudication is iden-. tical to the issue in the present litigation, that there was a final judgment on the merits in the previous litigation, and that the party against whom the plea is asserted was a party to the previous case or was in privity with a party. York v. York, 99 Nev. 491, 664 P.2d 967 (1983); Horvath v. Gladstone, 97 Nev. 594, 637 P.2d 531 (1981).

In the present case the only evidentiary material which accompanied the motion for summary judgment and which referred to the previous litigation was an uncertified and unsworn copy of the summary judgment filed in the previous case.[2] Furthermore, there is no indication in the record that the district court took judicial notice of its records in the prior case. See Occhiuto v. Occhiuto, 97 Nev. 143, 625 P.2d 568 (1981). The summary judgment entered in the prior case neither explains why it was granted, nor what issues it resolved. Although there are numerous factual assertions in the points and authorities in support of the motion which relate to the prior adjudication, such assertions do not refer to any evidentiary material, and are not themselves evidence. See A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969). It was therefore not possible for the district court to determine whether the issues previously litigated are identical to the issues which were presented to the lower court.

---

[2]NRCP 56(e) states in part:

(e) *Form of Affidavits; Further Testimony, Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . .

Accordingly, the summary judgment against Jeremy Hampton is reversed and the case is remanded for further proceedings.[3]

---

[3]Appellant attached two documents to his reply brief which were not considered by the lower court; nor were they included in the record on appeal. Such documents cannot be considered by this court. *See* Carson Ready Mix v. First Nat'l Bk., 97 Nev. 474, 635 P.2d 276 (1981).