Sandi BUSHMAN, Plaintiff,

v.

SAFEWAY STORES, INC., et al., Defendants.

No. CV–R–84–424–ECR.

United States District Court, D. Nevada.

March 27, 1985.

Lawrence J. Semenza, Reno, Nev., for plaintiff.

Suellen Fulstone, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff, Sandy Bushman, commenced this action in Nevada state court. Defendants, Safeway Stores, Inc., Does I through V, inclusive; and Black and White Corporations I through V, inclusive, (hereinafter Safeway), removed the instant case to this Court on the grounds of diversity of citizenship. Safeway now moves this Court for summary judgment pursuant to Fed.R. Civ.P. 56.

In support of their motion for summary judgment, Safeway argues that the res judicata doctrine bars Bushman from proceeding with the instant action. Bushman opposes this motion.

Bushman makes two principal arguments on her behalf. First, Bushman argues that at the time of filing her first suit (Bushman I), she was unable to assert the legal theories stated in the instant case. She argues that the Nevada Supreme Court has only recently recognized these theories in *Hansen v. Harrah's*, 100 Nev.Adv.Op. 8, 675 P.2d 394 (1984), and *Southwest Gas Corp. v. Ahmad*, 99 Nev. 594, 668 P.2d 261 (1983). Bushman next argues that application of the res judicata doctrine to this case would produce unreasonably harsh results.

Following her termination from Safeway, Bushman filed Bushman I on November 10, 1980. This suit alleged denial of due process, sex discrimination, and defamation. In two orders, the state court granted summary judgment in favor of Safeway. Based on the same facts, Bushman filed the instant action September 20, 1984 (Bushman II). In support of this action, Bushman alleges denial of due process, wrongful termination, breach of implied contract, breach of covenant of good faith and fair dealing, and retaliatory discharge.

*Analysis*

Summary judgment is proper only where there is no issue of material fact or where, viewing the evidence and the inferences that may be drawn in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543 (9th Cir.1975). On a motion for summary judgment, the trial court does not try issues of fact. Examining the entire record, it decides the limited question of whether any factual issue exists. *Radobenko*, 520 F.2d at 543. The moving party has the burden of showing the absence of a genuine issue as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ In deciding a motion for summary judgment in a diversity case, a federal court is bound by the substantive law of the state in which the court is sitting. Accordingly, the law of Nevada governs this motion for summary judgment. *Erie Rail-*way Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

■ Further, it is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see also Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 2373 and n. 8, 76 L.Ed.2d 595 (1983) (28 U.S.C. § 1738 requires a federal court to look first to state preclusion law in determining the preclusive effects of a state court judgment.); *Los Angeles Branch NAACP v. Los Angeles Unified School District*, 750 F.2d 731, 736 (9th Cir.1984).

This case concerns the preclusive effect of a Nevada state court judgment in a subsequent lawsuit between the same parties, but involving different legal theories.

■ Safeway bases this motion for summary judgment on the doctrine of res judicata. The doctrine of res judicata precludes parties or their privies from relitigating issues which were or could have been raised when there has been a final judgment by a court of competent jurisdiction. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 396, 101 S.Ct. 2424, 2426, 69 L.Ed.2d 103 (1981). A state judgment on the merits serves not only to bar every claim that was raised in state court but, also, to preclude the assertion of every legal theory or ground of recovery that might have been raised in state court supporting the granting of the desired relief. *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir.1975), *cert. denied*, 423 U.S. 1066, 96 S.Ct. 807, 46 L.Ed.2d 657 (1976). The fact that a different or additional form of relief is requested in the second action does not preclude the application of res judicata.

The preclusive effect of a state court judgment in a subsequent federal lawsuit is generally determined by the full faith and credit embodied in our legal system. The Constitution's Full Faith and Credit

Clause is implemented by the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738.* This statute directs a federal court to refer to the preclusion law of the state in which judgment was rendered. "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Marrese v. American Academy of Orthopaedic Surgeons,* — U.S. —, —, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985) quoting *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481–482, 102 S.Ct. 1883, 1897–1898, 72 L.Ed.2d 262 (1982).

Thus, the preclusion law in Nevada must be interpreted and applied to determine whether Bushman II would be precluded in a Nevada state court. *See Migra,* 104 S.Ct. at 899.

■ The inquiry to be made in Nevada in determining whether res judicata bars a subsequent action is: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the action in question; (2) whether there was a final judgment on the merits; and (3) whether the party against whom the judgment is asserted was a party or in privity with a party to the prior adjudication. *See Horvath v. Gladstone,* 97 Nev. 594, 596, 637 P.2d 531, 533 (1981).

The court in *Horvath* reversed the district court's use of the doctrine of res judicata because the issues in the two cases were not identical. The issue in the first case dealt with the enforceability of a restrictive covenant against a homeowner who had both constructive and actual notice of the covenant, and who was proceeding to build the second story in direct violation of the covenant. The issue in the subsequent case was whether the restrictive covenant is enforceable against a party who purchased the house with the second story already completed, where that party had constructive notice of the restriction, but where there was no actual or constructive notice of any pending litigation or dispute as to the second story.

On another occasion, the Nevada Supreme Court holds that under the res judicata doctrine, "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established." *See Spilsbury v. Spilsbury,* 92 Nev. 464, 466, 553 P.2d 421, 422 (1976). In *Spilsbury,* the court found that the denial of a wife's prior motion to set aside a decree provision confirming a property settlement agreement on the same grounds was barred by res judicata.

As the first prong of the test indicates, the applicability of res judicata depends upon whether the same cuase of action is involved in both suits. *See Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983).

The Nevada court in *Tomiyasu v. Golden,* 81 Nev. 140, 143, 400 P.2d 415, 416 (1965), *cert. denied* 382 U.S. 844, 86 S.Ct. 89, 15 L.Ed.2d 85, holds that the test of a cause of action for res judicata purposes is the identity of facts essential to maintaining the two suits. *See also Derish v. San Mateo-Burlingame Bd. of Realtors,* 724 F.2d 1347, 1349 (9th Cir.1983) (To determine whether two suits involve the same claim, the court should examine whether there is an identical "transactional nucleus of facts".)

---

* The statute reads in pertinent part:
"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

■ Thus, to determine whether it is the same cause of action, this Court must look at the facts surrounding the alleged injury. It is these facts that define the cause of action, rather than the various, and often inconsistent, legal grounds or theories that could be asserted concerning the injury. *See Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 582 (N.D.Cal.1981) *aff'd* 731 F.2d 1423, 1430 (9th Cir.1984). A subsequent action advancing a different legal theory based on the same events and injuries is barred by a final decision in the first action where that theory could have been argued as an alternative or additional ground for recovery. *Id.* A plaintiff must take advantage of the opportunity to assert all theories; a plaintiff should not be allowed to litigate in a subsequent action that which could have been advanced previously.

■ An examination of the facts in this case leads this Court to find that the cause of action is identical and that Bushman had the opportunity to assert the legal theories in Bushman I that are now advanced in Bushman II. The underlying facts in both cases were the events surrounding her termination from the Safeway in Lovelock on October 12, 1980. Thus, although Bushman is correct in asserting that Bushman I was only seeking injunctive relief and damages for defamation, she had already been terminated and thus, all legal theories relating to that termination which have now been asserted in Bushman II were available to her. Bushman knew enough at the first litigation to have explored all avenues of recovery open to her.

Accordingly, this Court finds that Bushman's earlier action for denial of due process, sex discrimination and defamation is essentially concerned with the same sequence of acts and events as her current action for denial of due process, wrongful termination, breach of implied contract, breach of the covenant of good faith and fair dealing, and retaliatory discharge. When two successive suits seek recovery for the same injury, "a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978). There was no bar to Bushman presenting the theories of her second suit at the time of the first suit. Bushman is correct that the law in Nevada on termination of an at will employee has evolved in recent years, but there is no reason why the theories advanced in the instant case were not advanced in the original action. *In accord York v. York*, 99 Nev. 491, 664 P.2d 967 (1983). In *York*, following the second divorce of the parties, the wife attacked the property settlement of the first divorce. The court found that the issues were the same and therefore she was precluded from raising the issue in the second case. The court held:

"The fact that Mrs. York did not make a claim to the $15,000 at the time of the first divorce is of no consequence because 'a judgment is conclusive not only on the questions actually contested and determined, *but on all matters which might have been litigated and decided in the suit.*' 50 C.J.S. Judgments § 716 (1947)." (cites omitted.) (emphasis added.)

The court found that all three prongs of the test were met and Mrs. York was precluded from raising the issue in the second action.

The next question presented is whether the summary judgment is a final judgment on the merits.

The Nevada Supreme Court has given res judicata to a decision rendered on summary judgment. In *Lucas v. Page*, 91 Nev. 493, 538 P.2d 165 (1975), summary judgment was entered in favor of a husband on the issue of whether he was liable to a corporation on default judgment taken against his former wife. Res judicata barred relitigation thereof by owners of the corporation by way of counterclaim in the husband's suit to recover on the note. *Id.* at 495, 538 P.2d at 166.

■ The Nevada court also recognizes that a prior summary judgment should only preclude a subsequent action if the judgment was rendered after a review of the record. *Hampton v. Washoe County*, 99

Nev. 819, 821, 672 P.2d 640, 642 (1983). In *Hampton*, res judicata was found not to apply because the summary judgment entered in the prior case neither explained why it was granted, nor what issues it resolved. *Id.*

The summary judgment in this case demonstrates that the Hon. Judge Forman reviewed the affidavits, excerpts from depositions, answers to interrogatories, and points and authorities filed on behalf of the respective parties. *See* Order dated October 4, 1983. In that order, Judge Forman granted summary judgment on the claims based on due process violations and sex discrimination, while denying summary judgment on the third claim for defamation. Subsequent to the October 4, 1983, order, Judge Forman granted summary judgment on the remaining claim for defamation. *See* Order dated June 21, 1984. Thus, with a final judgment on the merits in Bushman I, the second prong of the test has been met.

The parties in Bushman I and this case are identical. Accordingly, all three prongs of the test have been met.

 This Court realizes that the doctrine of res judicata in this case seems to work an unfair result. Bushman has had no court rule on the merits of several viable and legitimate claims in this case. However, we believe that the decisions of the Supreme Court, the Nevada court and this circuit, together with the policies underlying the doctrine of res judicata, compel that result. The doctrine of res judicata serves not only the interests of the winning party in a lawsuit, but also the interests of the public in conserving judicial resources, avoiding inconsistent results and engendering respect for final court judgments. Bushman offers no facts in support of a finding that it would be appropriate to waive the effects of res judicata in this case.

 Manifest injustice of the type necessary to except a case from the application of the doctrine is simply not present here. A mere showing that the second litigation, if allowed to proceed, may provide relief is not a showing of manifest injustice. Because the doctrine of res judicata effects a balance between competing interests, a certain degree of inequity is inevitable. Res Judicata ensures the finality of judicial decisions. It encourages reliance on those decisions, thereby establishing certainty in legal relations. It bars vexatious litigation and promotes economy of judicial time and effort. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). *See also Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (Res judicata rules are generally applicable to § 1983 actions.); *see also Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (Res judicata is applicable to Title VII cases.) Subsequent litigation is not available to correct error; the appeal process is available for this purpose.

Plaintiff should not be allowed "to fragment a single cause of action and to litigate piecemeal the issues which could have been resolved in one action." *Scoggin v. Schrunk*, 522 F.2d at 437, quoting from *Flynn v. State Bd. of Chiropractic Examiners*, 418 F.2d 668, 668 (9th Cir.1969).

IT IS, THEREFORE, HEREBY ORDERED that summary judgment is granted in favor of Safeway.