CYNTHIA HARRISON, Appellant, v. PAULETA ORTIZ RODRIGUEZ, Respondent.

No. 15850

June 21, 1985                                    701 P.2d 1015

*Johns and Johns*, Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy* and *Jemison*, Las Vegas, for Respondent.

## OPINION

By the Court, SPRINGER, C. J.:

This appeal is taken from an order granting summary judgment in favor of respondent, Pauleta Ortiz Rodriguez, in an action against her for personal injuries. For the reasons stated below, we conclude that summary judgment was inappropriately granted.

Appellant, Cynthia Harrison, and her brother, Brian Harrison, were struck by a car driven by Pauleta Rodriguez, while riding their bicycles through an intersection. Cynthia's father contacted Rodriguez's insurance carrier, Farmers Insurance Company, and Farmers agreed to pay Cynthia's and Brian's medical bills. Farmers paid all ongoing medical bills from the date of the accident, September 5, 1976, until approximately August, 1981. Farmers then informed Harrison that it had been paying the medical bills under the "no-fault" provision of the policy and that Cynthia had depleted the $10,000 maximum coverage. Moreover, the statute of limitations on actions for

personal injury had run as to Cynthia. The statute had begun to run on her eighteenth birthday, July 5, 1979, and had run out on July 5, 1981.[1]

Cynthia filed suit alleging negligence against Rodriguez on February 8, 1983. Rodriguez moved for summary judgment on the ground that the statute of limitations had run. The motion was granted.

Ronald Harrison, Cynthia's father, alleged in his deposition that agents of Farmers made certain statements to him, to the effect that Farmers would pay "all medical bills." We assume these statements were in fact made, since "we must accept as true all evidence favorable to the party against whom the judgment was rendered." Stone v. Mission Bay Mortgage Co., 99 Nev. 802, 804, 672 P.2d 629, 630. Additionally, "in evaluating the propriety of a summary judgment, the evidence will be reviewed in the light most favorable to the party against whom summary judgment was rendered." Hampton v. Washoe County, 99 Nev. 819, 822, 672 P.2d 640, 641 (1983). The intent with which the statements were made is an issue of fact for the jury to resolve. If the jury were to find that the statements were made with the intent to mislead Harrison as to the total amount Farmers would pay, or to cause him to refrain from filing suit, such an intent could give rise to an estoppel to assert the statute of limitations as a defense. Therefore, it cannot be said that there is no genuine issue of material fact and that Rodriguez is entitled to judgment as a matter of law.

Rodriguez contends that since Harrison's complaint showed on its face that the statute of limitations had run, Harrison is precluded from raising circumstances which might give rise to an estoppel, since such circumstances were not pleaded. We do not agree.

NRCP 8(d) states, in relevant part: "[A]verments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Rodriguez's answer sets up the statute of limitations as a defense. No responsive pleading is required or permitted in answer to this defense; therefore, it is taken as denied or avoided. Even though the running of the statutory period stands admitted in the summary judgment pro-

---

[1]The statute had been tolled pursuant to NRS 11.250(1) during Cynthia's minority. At the time Cynthia "discovered" the $10,000 maximum on medical payments, the statute had not run as to Brian. Brian subsequently reached a settlement with Farmers and is not a party in this action.

ceedings, issues of fact on estoppel and perhaps fraud remain. Summary judgment is not proper under such a set of circumstances; consequently, the case is reversed and remanded.

MOWBRAY, GUNDERSON, STEFFEN and YOUNG, JJ., concur.