## DORA IRENE HIGGINS, Appellant, *v.* DONALD PATRICK HIGGINS, Respondent.

### No. 17442

October 29, 1987                    744 P.2d 530

*Digesti & Peck,* Reno, for Appellant.

*James R. Brooke,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal involves Dora Higgins' (Dora) claim that her ex-husband Donald Patrick Higgins (Patrick) slandered her title to two parcels of real property in Palomino Valley, and Patrick's counterclaim for partial ownership of that realty.

### Facts

Dora and Patrick were divorced in 1981. In the divorce proceeding, Patrick submitted a list of community property indica-

ting that the couple owned certain real property described as "Palomino Valley 40 acres," having a stated value of $16,246. Patrick testified, however, that the couple in fact owned three parcels of property in Palomino Valley and that the property described in the community property list constituted a composite of the parties' equity interest in all three parcels. The divorce court awarded Dora all the parties' interest in the Palomino Valley "properties" in February, 1981, and again in rendering a decree of divorce some two months later.

Five days before entry of the final decree of divorce, Patrick executed a deed of trust purporting to encumber two of the parcels in favor of Richard and Susan Ashburn. Patrick claimed that the Ashburns had provided the funds to purchase two of the parcels with the understanding that they would be reimbursed. Consequently, Dora brought suit against the Ashburns wherein the judge—who also presided over the divorce between Patrick and Dora—construed the divorce decree as encompassing the parcels funded by the Ashburns.

Dora subsequently brought the present slander of title action against Patrick; Patrick counterclaimed for partial ownership of two parcels of Palomino land, asserting that the divorce decree had adjudicated the parties' rights in only one parcel. The court dismissed Dora's tort action and held that Patrick and Dora were co-owners of two parcels of land. Dora appeals.

## Discussion

We reverse the district court's determination that the divorce decree adjudicated the parties' rights in only one parcel. Patrick's own testimony indicates that he placed before the divorce court all of the equity interests the parties claimed in the various parcels of Palomino Valley land. He testified repeatedly that, in preparing the list of properties on which the divorce court relied, his purpose was to set forth in one sum the total equity owned by the parties, even where the parties' interest consisted of partial ownership of multiple lots. Judge Bowen, who entered the divorce decree, apparently so construed the parties' actions. Moreover, in Dora's action against the Ashburns, the judge stated that the divorce decree had adjudicated the spouses' rights in parcels nine and ten—the parcels covered by the trust deed. Thus, the decree did not deal with only one parcel. Both the "decision" which preceded the divorce and the final divorce decree awarded Dora the parties' interest in Palomino Valley "properties" or "lots;" consequently, the decree did not leave open the ownership of two forty-acre parcels.

Because ownership of the parcels in question was adjudicated

in the divorce action, the doctrine of *res judicata* bars any claim to the properties by Patrick: (1) the issue was decided in a prior adjudication, (2) there was a final judgment on the merits, and (3) the party against whom the defense is asserted was a party to the prior adjudication. *See* York v. York, 99 Nev. 491, 664 P.2d 967 (1983). Furthermore, a judgment is conclusive not only on the questions actually contested and determined but on all matters which might have been litigated and decided in the suit. 99 Nev. at 493, 664 P.2d at 968 (citing 50 C.J.S. *Judgments* § 716 (1947)).

Dora also contends that the trial court erred by adversely deciding her tort claim. Slander of title involves false and malicious communications, Rowland v. Lepire, 99 Nev. 308, 313, 662 P.2d 1332, 1335 (1983), disparaging to one's title in land *see* Summa Corp. v. Greenspun, 98 Nev. 528, 530, 655 P.2d 513, 514 (1982), and causing special damage, *Rowland,* 99 Nev. at 313, 662 P.2d at 1335. While Patrick indeed had no interest to convey, the record supports the trial judge's determination that Dora failed to provide the requisite proof that Patrick acted with malice in connection with the deed of trust to the Ashburns. Evidently, there was no dispute that the Ashburns put up the money for the two parcels; it is quite possible that Patrick's actions were a genuine attempt to protect a friend's entitlement. Moreover, Patrick enjoyed no potential monetary gain from his action. In any event, we perceive no substantial evidence to support a finding that Patrick acted with malice.

Having concluded that the divorce court adjudicated the parties' rights in all three parcels of Palomino Valley land, we reverse the decision of the trial court regarding ownership of that property. The judgment of the district court is affirmed in all other respects.