# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROY H. LOO,
Appellant/Cross-Respondent,
vs.
JEFFREY LYNN DEETS, AN
INDIVIDUAL,
Respondent/Cross-Appellant.
and
WENDY L. LOO, AN INDIVIDUAL.
Respondent.

No. 66403

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING

This is an appeal from district court orders dismissing a contract and tort action and a cross-appeal from a district court order denying a request for attorney fees. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint based on issue preclusion.[1] *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev., Adv. Op. 28, 321 P.3d 912, 914 (2014) (reviewing de novo a district court's application of issue preclusion); *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (setting forth the elements of issue preclusion). In particular, the claims asserted in appellant's complaint implicated the issue of how the Loos' marital assets should be allocated. This identical issue was actually and necessarily litigated in the Loos' divorce proceeding, as evidenced by the language in the Loos' marital settlement agreement, which was incorporated into the divorce

---

[1]In light of this conclusion, we need not address whether dismissal was also appropriate based on claim preclusion.

16- 11877

decree, and which constituted a final judgment on the merits. *Five Star*, 124 Nev. at 1055, 194 P.3d at 713; *York v. York*, 99 Nev. 491, 493, 664 P.2d 967, 968 (1983); *Spilsbury v. Spilsbury*, 92 Nev. 464, 466, 553 P.2d 421, 422 (1976). Therefore, the district court properly determined that the elements of issue preclusion were satisfied, and we are not persuaded by appellant's arguments otherwise.[2]

To the extent that appellant's claims against Jeffrey Deets were premised on an agreement other than the Loos' marital settlement agreement, the district court properly determined that appellant's complaint failed to sufficiently allege the existence of a contract. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court NRCP 12(b)(5) dismissal). In particular, appellant's bare assertions that he had an "implied oral contract" with Deets and that the unidentified terms of that contract were breached due to various violations of the Nevada Physical Therapy Code of Ethics were insufficient to satisfy Nevada's notice-pleading standard. *See Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 846, 858 P.2d 1258, 1260 (1993) ("The test for determining whether the allegations of a complaint are sufficient to assert a claim for relief is whether the allegations give fair notice of the nature and basis of a legally sufficient

---

[2]Even if appellant's complaint were treated as an action in equity challenging the divorce decree, *see Doan v. Wilkerson*, 130 Nev., Adv. Op. 48, 327 P.3d 498, 501-02 (2014); *Day v. Day*, 80 Nev. 386, 389, 395 P.2d 321, 322 (1964), appellant still would not have been entitled to relief because, among other reasons, his complaint failed to identify any particular asset or property that was omitted from the decree or the value of which Ms. Loo misrepresented.

claim and the relief requested."). Accordingly, we affirm the district court's dismissal of appellant's complaint.[3]

On cross-appeal, Deets contends that the district court improperly denied his motion for attorney fees without considering his arguments as to why fees were warranted under NRS 18.010(2)(b), NRS 7.085, and EDCR 7.60. We agree. Accordingly, we vacate the appealed orders insofar as they denied Deets' motion for attorney fees and remand this matter for the district court to consider Deets' request for attorney fees under the relied-upon statutes and rule. Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____Douglas_____, J.
Douglas

_____Cherry_____, J.          _____Gibbons_____J.
Cherry                        Gibbons

cc:    Hon. Joanna Kishner, District Judge
       Lansford W. Levitt, Settlement Judge
       E. Brent Bryson
       Law Office of Michael P. Carman
       Howard & Howard Attorneys PLLC
       Eighth District Court Clerk

---

[3]Appellant did not explain to the district court how he could have cured the pleading defects in his original complaint with an amended complaint, nor has he done so on appeal. We therefore perceive no reversible error in the district court's decision to dismiss appellant's original complaint.

SUPREME COURT
OF
NEVADA

(O) 1947A