NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER S. MARTINEZ,

Plaintiff-Appellant,

v.

USAA FEDERAL SAVINGS BANK; et al.,

Defendants-Appellees.

No. 14-16349

D.C. No. 2:14-cv-00567-RCJ-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Christopher S. Martinez appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's dismissal for failure to state a claim under Federal Rule of Civil

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6), and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Martinez's state law and declaratory judgment causes of action because Martinez failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (holding that the Declaratory Judgment Act, 28 U.S.C. § 2201, "only creates a remedy and is not an independent basis for jurisdiction"); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (describing requirements of quiet title action under Nevada law); *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 257-60 (Nev. 2012) (en banc) (recognizing, in a materially similar situation, the authority of Mortgage Electronic Registration System, Inc. to assign both the note and deed of trust on behalf of the original lender and the lender's successors and assigns); *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004) (setting forth elements of fraudulent inducement cause of action under Nevada law); *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (setting forth elements of intentional infliction of emotional distress cause of action under Nevada law); *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt,* 21 P.3d 11 (Nev. 2001) (setting forth elements of

fraudulent concealment cause of action under Nevada law); *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987) (setting forth elements of slander of title cause of action under Nevada law).

Dismissal of the Truth in Lending Act and Home Ownership and Equity Protection Act claims was proper because Martinez failed to allege facts sufficient to show that he is a "consumer" to whom any defendant offered credit. *See* 15 U.S.C. § 1602(i) (defining "consumer" as "the party to whom credit is offered or extended").

The district court did not abuse its discretion by denying Martinez's Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment because Martinez did not establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Martinez's motion to dismiss the claims for monetary damages against GMAC (Docket Entry No. 35) is denied.

**AFFIRMED.**