**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER S. MARTINEZ, | No. 16-15587 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01190-JCM-PAL |
| v. | |
| CENTRAL MORTGAGE COMPANY, subsidiary of Arvest Bank; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Christopher S. Martinez appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a district court's dismissal for failure to state a claim under Federal

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6), and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Martinez's state law claims because Martinez failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Nev. Rev. Stat. § 107.080(5)(a) (court must declare a trustee sale void if the trustee fails to substantially comply with the statutory requirements); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) ("A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." (internal quotation marks omitted)); *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992) (setting forth elements of fraudulent misrepresentation claim under Nevada law); *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987) (setting forth elements of slander of title cause of action under Nevada law); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires that no failure of performance existed on the part of the borrower that would have authorized foreclosure).

To the extent that Martinez challenges the validity of any assignment of the loan into a securitized trust, he lacks standing to raise such a challenge. *See Wood v. Germann*, 331 P.3d 859, 861-62 (Nev. 2014) (per curiam).

The district court properly dismissed Martinez's Fair Debt Collection Practices Act claim because Martinez failed to allege facts sufficient to show that defendants made a false, deceptive, or misleading representation to him. *See* 15 U.S.C. § 1692e (prohibiting a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**

16-15587