ADELE STEPHENS, aka ADELE STEPHENS KADANS, Appellant, v. SOUTHERN NEVADA MUSIC CO., INC., Respondent.

No. 6896

March 14, 1973                    507 P.2d 138

*Paul H. Lamboley,* of Reno, for Appellant.

*Beckley, DeLanoy & Jemison, Chtd.,* and *A. Bill Maupin,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Adele Stephens, now known as Adele Stephens Kadans, commenced an action against Southern Nevada Music Co., Inc., claiming injuries from a slip and fall accident within the respondent's store which was operated by her son-in-law. The complaint was filed June 19, 1967. From the minutes of the trial court we learn that the trial was started on February 8, 1971, approximately 3½ years after the action was started.

During or after the jury selection defendant's counsel moved for a mistrial in chambers alleging certain conduct on the part of the plaintiff and her present husband, and further, that appellant's attorney (not the attorney who commenced the case for plaintiff but a newly substituted attorney) had asked questions of the jurors relative to insurance which, of course, was blatant and flagrant if not intentional error. The court declared a mistrial, whereupon appellant's counsel immediately moved for leave to amend the complaint to increase the amount of damages and to enlarge upon the purported cause of appellant's fall, to wit, that if she did not slip on a cigarette butt, she fell because of an accumulation of floor wax. The motion was denied.

Rule 15(a) of the Nevada Rules of Civil Procedure clearly provides that leave to amend shall be freely given when justice so requires. This does not, however, mean that a trial judge may not, in a proper case, deny a motion to amend. If that were the intent, leave of court would not be required. A motion for leave to amend is addressed to the sound discretion of the trial court and its action in denying the motion should not be held to be error unless that discretion has been abused. Leggett v. Montgomery Ward & Co., 178 F.2d 436, 439 (10th Cir. 1949); Nelson v. Sierra Construction Corp., 77 Nev. 334, 343, 364 P.2d 402, 406 (1961). *Cf.* Nevada Bank of Commerce v. Edgewater, Inc., 84 Nev. 651, 653, 446 P.2d 990, 991 (1968).

We have held that in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on

the part of the movant—the leave sought should be freely given. Foman v. Davis, 371 U.S. 178 (1962), cited in Adamson v. Bowker, 85 Nev. 115, 121, 450 P.2d 796, 800-01 (1969). It is true that the trial court denied the motion without declaring its reason for the denial. Still, although trial was not held a year later, appellant did not renew the motion nor make any effort to enlarge her pleadings by any means. We have independently reviewed the record and find it apparent that the conduct of appellant was dilatory. A close reading of the entire record fails to reflect any impairment of justice occasioned by the trial court's denial of appellant's motion for leave to amend.

Affirmed.