LAURIE HARRISON, Appellant, *v.* FALCON PRODUCTS, INC., a Foreign Corporation, Respondent.

No. 17856

December 10, 1987                                746 P.2d 642

---

[3]In light of the above, we deny as moot appellant's motion regarding the record on appeal.

*Terry & Harris* and *H. Lee Dove,* Las Vegas, for Appellant.

*Alverson & Taylor* and *Bryan K. Gould,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting respondent's motion for summary judgment in a products liability action. For the reasons set forth below, we reverse.

### FACTS

Taken in the light most favorable to appellant, the record indicates the following facts. On January 9, 1983, Laurie Harrison ("Harrison") entered Chuck E. Cheese's Pizza Time Theatre with her husband, her baby, and her mother-in-law. Harrison, seeing what she perceived to be a booth, went over to claim the seat. Actually, the seating arrangement consisted of an unattached bench and a backrest. Harrison kneeled against the bench, and her knee wedged in between the bench and the backrest. The bench slid, and Harrison fell, sustaining injuries.

Harrison filed suit against the manufacturer of the bench, Falcon Products, Inc. ("Falcon"), on January 8, 1985, alleging negligence, breach of warranties, and strict liability. In its answer, Falcon denied liability. On October 24, 1986, Falcon moved for summary judgment contending that it did not know the intended use of its bench nor did it have any responsibility for the placement of the bench. In her opposition, Harrison sought additional time to conduct discovery pursuant to NRCP 56(f). The district court refused to allow a continuance and granted summary judgment on November 26, 1986. Harrison appeals the court's decision.

## DISCUSSION

Preliminarily, we note that not even two years had passed since the filing of the complaint until the time summary judgment was granted. The harsh result of granting summary judgment is obvious when had a motion to dismiss been before the district court, the court would not have had the power to dismiss the action. See NRCP 41(e).

Moreover, appellant's diligence in pursuing this action is reflected by her request for additional time to take depositions and to seek admissions. A party is allowed to discover any information that is "reasonably calculated to lead to the discovery of admissible evidence." See NRCP 26(b)(1). Therefore, Harrison was entitled to conduct such discovery. Further, Nevada Rule of Civil Procedure 56(f)[1] provides that when the party opposing summary judgment lacks supporting facts for his position, the district court may order a continuance. From Harrison's affidavit it is apparent that she had not yet been able to gather enough information to support her claims. Pursuant to NRCP 56(f) the district court had the discretion to continue the hearing and allow more time for discovery. Because Harrison was not dilatory in conducting discovery, we cannot agree with the district court that she should not have been allowed additional time to do so. Under these circumstances, granting summary judgment in this early stage of the proceedings was an abuse of discretion. Accordingly, we reverse the order granting summary judgment and remand the case to the district court for further proceedings.

---

[1](f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.