EDWARD M. HALIMI, Appellant, *v.*
H. R. BLACKETOR, Respondent.

No. 18920

March 15, 1989                          770 P.2d 531

*Stephens, Knight & Edwards,* Reno, for Appellant.

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich &
Hicks,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Halimi sued respondent Blacketor for breach of an option agreement. Halimi had the right under the option agreement to purchase promissory notes along with other security rights and agreements by placing the purchase price in escrow on the second anniversary of the option agreement. Halimi failed to deposit the purchase price on time and Blacketor claimed Halimi thereby forfeited the option pursuant to their agreement. Blacketor moved to dismiss the suit pursuant to NRCP 12. Halimi replied that he was prevented from performing because Blacketor did not deposit additional documents in escrow as he had promised. In his memorandum in opposition to Blacketor's motion Halimi requested additional time to conduct discovery in order to support his contention. The district court refused to allow Halimi additional time for discovery and granted Blacketor summary judgment. This appeal followed.

Halimi contends that the district court abused its discretion by granting Blacketor summary judgment. Specifically, Halimi contends that the district court should have granted him a continuance to conduct discovery in order to gather facts in support of his contention that Blacketor had agreed to deposit other documents into escrow not required by the option agreement. This contention has merit.

In Harrison v. Falcon Products, 103 Nev. 558, 746 P.2d 642 (1987), we held that summary judgment was improper where the appellant had sought additional time to conduct discovery in order to compile facts in support of his position. NRCP 56(f)[1] provides that a district court may order a continuance where the party opposing summary judgment lacks facts supporting his position.

Halimi's request for additional time for discovery in his memorandum in opposition is sufficient for purposes of NRCP 56(f). In addition, less than a year had passed since the complaint and the granting of summary judgment. Furthermore, Halimi's request for additional time is reflective of his diligence in pursuing the action. Cf. Harrison, 103 Nev. at 560, 746 P.2d at 642. (Noting that less than two years had passed since the filing of the complaint and summary judgment, and that the request for additional time reflected diligence in pursuing the action). Based on these facts, the district court abused its discretion by not granting Halimi a continuance at such an early stage in the proceedings. As a result, we need not address Halimi's other contentions. Accordingly, the order granting summary judgment is reversed and the case remanded to the district court for further proceedings.

YOUNG, C. J., STEFFEN, SPRINGER, and ROSE, JJ., and WHITEHEAD, D. J.,[2] concur.

---

[1]NRCP 56(f) provides:

> When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[2]The Honorable Jerry C. Whitehead, Judge of the Second Judicial District Court, was designated by the Governor to sit in the place of THE HONORABLE JOHN MOWBRAY, Justice. Nev. Const. art. 6, § 4.