*1292
 
 OPINION
 

 Per Curiam:
 

 Appellant Karen Summerfield (“Summerfield”) brought a products liability action against respondents, alleging that on June 13, 1993, an unopened Coca Cola can exploded in her hand, causing her to suffer from carpal tunnel syndrome. On June 8, 1994, Summerfield filed her complaint, naming respondents Coca Cola Bottling Company of the Southwest and Coca Cola Bottling Group, Southwest, Inc. (“Coca Cola”) as defendants. On December 20, 1994, when Summerfield learned that respondent BCI Coca Cola Bottling Company of Los Angeles (“BCI”) had manufactured the instant can, she filed an amended complaint naming BCI as an additional defendant. On January 23, 1995, BCI filed an answer.
 

 The early case conference was held pursuant to NRCP 16.1, on April 18, 1995. The parties’ initial discovery was limited to certain documents, tangible things, and witness lists exchanged at, or as a result of, this conference. In addition, Summerfield had an expert analysis of the instant Coca Cola can performed. On September 14, 1995, Summerfield’s attorney filed a motion to withdraw as counsel on the grounds that Summerfield and he could not agree on how to proceed with the case. On October 20, 1995, the district court allowed her attorney to withdraw. Summerfield represented herself until February 29, 1996, when Summerfield’s current attorney, Howard Roitman (“Roitman”), filed notice of his appearance as her counsel. During this period, BCI propounded certain requests for admissions to Summerfield, all of which she denied. In addition, BCI deposed Summerfield on February 28, 1996 (although Roitman had not yet noticed his appearance, it appears that he was representing Summerfield at this time).
 

 
 *1293
 
 Trial was set on a stacked basis, beginning April 1, 1996. On March 1, 1996, BCI’s attorney and Roitman agreed to a trial continuance. However, at the pre-trial conference of March 14, 1996, the court refused to grant the continuance and set trial for April 8, 1996. On March 26, 1996, Summerfield filed a motion to continue the trial on grounds that she could not afford to hire an expert for trial at the time. Summerfield had not yet paid Dr. Powell (“Powell”), the physician who treated her injury. Powell, who practices in Montana, had previously written a letter to Summerfield’s attorney stating that her carpal tunnel problems were likely to have been caused by the exploding Coca Cola can. However, Powell’s office told Roitman that it was their policy not to cooperate in litigation when a patient was in arrears for as long as Summerfield was. Summerfield stated that given time, she would be able to pay Powell’s bill and secure his testimony at trial. In addition, Summerfield stated that she could not presently afford to hire any other experts to testify at trial.
 

 On March 28, 1996, the court denied Summerfield’s motion to continue. BCI immediately moved for summary judgment on grounds that Summerfield had failed to produce any experts who would testify as to the causative link between the exploding Coca Cola can and her carpal tunnel syndrome. On March 29, 1996, the court heard oral arguments on this motion. At this hearing, Summerfield renewed her motion to continue, and the court again denied it, stating that “this situation was brought about due to Miss Summerfield’s inattentiveness . . . not her poverty per se.” The court granted summary judgment in favor of BCI. On May 22, 1996, Summerfield filed her notice of appeal.
 

 Summerfield argues that the trial court abused its discretion by awarding summary judgment in BCI’s favor after refusing to grant her motion to continue. We agree.
 

 As a threshold matter, BCI argues that the district court’s denial of a motion to continue is not an appealable order. In Lucas v. Page, 89 Nev. 248, 249, 510 P.2d 868, 869 (1973), this court ruled that where no final judgment had been entered, an appeal from the denial of a motion to continue was premature under NRCP 72(b), which provided for appeals only from a final judgment. Thus, BCI contends, “Summerfield lacks standing to pursue any appeal of the lower court’s denial of her motion to continue.” BCI misapprehends the issue. Here, while Summerfield argues on appeal that the court erred in denying her motion to continue, her appeal is not
 
 from
 
 that denial; rather, she has appealed from an order granting summary judgment, which clearly is a final judgment under NRAP 3A (formerly NRCP
 
 *1294
 
 72(b)). Therefore, Summerfield has appropriately raised this issue on appeal.
 

 In Harrison v. Falcon Products, 103 Nev. 558, 560, 746 P.2d 642, 642-43 (1987), this court held that the trial court abused its discretion when it granted a motion for summary judgment after plaintiff had requested a continuance. In
 
 Harrison,
 
 defendant moved for summary judgment approximately twenty-one months after the suit had been filed. In plaintiff’s opposition to the motion, he requested more time pursuant to NRCP 56(f).
 
 [1]
 
 The court refused this request and granted summary judgment in defendant’s favor. This court reversed, holding that where the plaintiff was not dilatory in conducting discovery, “granting summary judgment at this early stage of proceedings was an abuse of discretion.”
 
 Id.
 

 The case here is nearly identical to
 
 Harrison.
 
 The motion for summary judgment was made less than two years after the case was filed and only fifteen months after BCI was named as a defendant. Summerfield was not dilatory in the discovery process, despite the district court’s finding that “[the] situation was brought about by Miss Summerfield’s inattentiveness.” A district court’s findings of fact may be set aside on appeal where they are clearly erroneous and not supported by substantial evidence. Gibellini v. Klindt, 110 Nev. 1201, 1204, 885 P.2d 540, 542 (1994). There is no evidence in the record to suggest that Summerfield was dilatory. To the contrary, although financial constraints and a falling out with her previous attorney may have caused some delay, Summerfield filed her pre-trial conference memoranda and responded to BCI’s discovery requests in a timely manner. Summerfield conducted initial discovery to the extent that she obtained the information contained in BCI’s pretrial conference memorandum. She had the instant Coca Cola can examined by an appropriate expert. The fact that Summerfield requested a continuance in order to obtain experts at trial is also reflective of diligence in conducting discovery.
 
 See
 
 Halimi v. Blacketor, 105 Nev. 105, 770 P.2d 531 (1989).
 

 It is true that here plaintiff moved to continue before summary judgment was granted, then renewed the motion during the sum
 
 *1295
 
 mary judgment hearing; while in
 
 Harrison,
 
 the plaintiff asked for a continuance under NRCP 56(f) as part of his opposition to the motion for summary judgment.
 
 Harrison,
 
 103 Nev. at 559, 746 P.2d at 642. We conclude that this is a minor procedural difference and not a material distinction. In Summerfield’s motion to continue, Roitman had affirmed that should a continuance be granted, Summerfield would be able to procure an expert to testify as to proximate cause. Thus, in both
 
 Harrison
 
 and the present case, the award of a motion for summary judgment and the concurrent denial of a request to continue operated to fatally limit the respective plaintiffs’ abilities to conduct discovery.
 

 Therefore, we conclude that the district court abused its discretion in denying Summerfield’s motion to continue. Accordingly, we reverse the order of the district court granting summary judgment in respondents’ favor and remand to the district court for further proceedings.
 
 [2]
 

 [1]
 

 NRCP 56(f) provides:
 

 (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had ....
 

 [2]
 

 The Honorable A. William Maupin, Justice, did not participate in the decision of this appeal.