PAUL CHOY, Appellant, v. AMERISTAR CASINOS, INC., a Nevada Corporation, Respondent.

No. 56281

June 28, 2012                                    279 P.3d 191

*Nersesian & Sankiewicz* and *Robert A. Nersesian* and *Thea Marie Sankiewicz*, Las Vegas, for Appellant.

*Pisanelli Bice, PLLC*, and *Todd L. Bice* and *Jarrod L. Rickard*, Las Vegas, for Respondent.

## OPINION

By the Court, Douglas, J.:

Appellant Paul Choy filed a complaint in district court alleging various tort claims against respondent Ameristar Casinos, Inc., arising out of Choy's alleged detention by security guards at the Ameristar Casino Hotel Kansas City in Missouri. After Ameristar Casinos, Inc., filed a motion for summary judgment, Choy filed an opposition that included a paragraph arguing that under NRCP 56(f) the summary judgment motion should be continued to allow for discovery. The district court denied Choy's request to continue the motion to allow for discovery and granted summary judgment.

On appeal, Choy argued that the district court erred in denying his request under NRCP 56(f) and granting summary judgment. This court issued an opinion affirming the district court's order granting summary judgment and denying Choy's NRCP 56(f) request, holding that Choy failed to substantially comply with NRCP 56(f)'s requirement that the party opposing a motion for summary judgment and seeking a denial or continuance of the motion in order to conduct further discovery must provide an affidavit giving the reasons why the party cannot present "facts essential to justify the party's opposition." *Choy v. Ameristar Casinos*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011). Choy thereafter filed a timely petition for rehearing, which was denied. Choy then filed this timely petition for en banc reconsideration.

En banc reconsideration is appropriate when needed to preserve precedential uniformity or the matter presents issues involving

substantial precedential, constitutional, or public policy value. NRAP 40A(a). Choy contends this court's precedent did not require parties to comply with NRCP 56(f)'s affidavit requirement, citing to *Halimi v. Blacketor*, 105 Nev. 105, 106, 770 P.2d 531, 531 (1989), in support of his argument. To the extent that *Halimi* is inconsistent with the text of NRCP 56(f) and this court's holding in *Choy*, that parties must substantially comply with NRCP 56(f)'s affidavit requirement, we disapprove of the holding in *Halimi*.

Choy has failed to demonstrate that en banc reconsideration is warranted in this appeal, and the petition is therefore denied.[1]

CHERRY, C.J., and SAITTA, GIBBONS, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[1]The remaining arguments made by Choy in his petition also fail to demonstrate that en banc reconsideration is warranted.