An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONNA CLARK,
Appellant,
vs.
COAST HOTELS AND CASINOS, INC.
D/B/A GOLD COAST HOTEL AND
CASINO,
Respondent.

No. 62603

**FILED**

JUL 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal of a district court order granting summary judgment in a personal injury action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Donna Clark was injured when she fell after an escalator she was riding at respondent Coast Hotels and Casinos, Inc., d.b.a. Gold Coast Hotel and Casino came to a stop. After striking Clark's proffered expert, the district court granted Gold Coast's motion for summary judgment. Clark filed a motion for reconsideration, which the district court denied. This appeal followed.

In this appeal, we address whether the district court erred by excluding Clark's expert. We conclude that her expert did not satisfy the assistance requirement of NRS 50.275, thus the district court properly excluded his testimony. We also conclude that the doctrine of *res ipsa loquitur* is inapplicable. We conclude that Clark's remaining arguments are unpersuasive or have been waived. Accordingly, we affirm the district court's order.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24800

*This court has jurisdiction to consider this appeal*

As an initial matter, Gold Coast argues that this court lacks jurisdiction to hear this appeal because Clark did not timely file the notice of appeal. Because Clark's motion for reconsideration was filed within ten days of Clark receiving notice of the entry of judgment, the motion is properly treated as a Rule 59 motion that tolls the time to appeal. *See AA Primo Builders, L.L.C. v. Washington*, 126 Nev. ___, ___, 245 P.3d 1190, 1194-95 (2010) (treating a timely filed motion to reconsider as a Rule 59 motion). Accordingly, this court has jurisdiction to hear this appeal.

*The district court did not abuse its discretion by excluding Clark's expert's testimony*

Clark argues that the district court abused its discretion in excluding the testimony of her expert, Joseph DeMaria. This court reviews a district court's decision to allow expert testimony for an abuse of discretion. *Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008).

A witness may testify as an expert if (1) the witness is "qualified in an area of 'scientific, technical or other specialized knowledge' (the qualification requirement);" (2) the expert's "specialized knowledge must 'assist the trier of fact to understand the evidence or to determine a fact in issue' (the assistance requirement);" and (3) the expert's testimony is "limited 'to matters within the scope of [the expert's specialized] knowledge' (the limited scope requirement)." *Hallmark*, 124 Nev. at 498, 189 P.3d at 650 (quoting NRS 50.275).

*Hallmark* provides the following nonexhaustive list of factors to consider in determining whether an expert is qualified in an area of scientific, technical, or other specialized knowledge: "(1) formal schooling and academic degrees, (2) licensure, (3) employment experience, and (4)

practical experience and specialized training." *Hallmark*, 124 Nev. at 499, 189 P.3d at 650-51.

DeMaria is qualified to testify as an expert in safety engineering, the field in which Clark proffered him. His lengthy curriculum vitae shows that he has a Ph.D. in occupational safety and health engineering, numerous certifications, and a lengthy work history relevant to this field. This work history includes employment as the risk manager of Rio Suites Hotel and Casino. Accordingly, DeMaria satisfies the qualification requirement of NRS 50.275. Thus, the district court abused its discretion by excluding DeMaria on the basis that he was unqualified.

Under the assistance requirement, an expert's opinion must be relevant and the product of a reliable methodology. *Hallmark*, 124 Nev. at 500, 189 P.3d at 651. To determine whether an expert's opinion is based upon reliable methodology, "a district court should consider whether the opinion is (1) within a recognized field of expertise; (2) testable and has been tested; (3) published and subjected to peer review; (4) generally accepted in the scientific community . . . ; and (5) based more on particularized facts rather than assumption, conjecture, or generalization." *Id.* at 500-01, 189 P.3d at 651-52. "[T]hese factors are not exhaustive, may be accorded varying weights, and may not apply equally in every case." *Id.* at 502, 189 P.3d at 652.

In the present case, DeMaria's opinion was that the applicable safety standard requires the escalator to come to a gradual stop, while here the escalator came to a sudden stop. According to DeMaria, that standard requires an escalator to stop within a maximum of three seconds. The standard does not mention a minimum stopping time. Gold Coast's

expert stated in his report that the escalator is designed to stop quickly when the safety switch is activated in order to prevent injury if a person is caught in the machinery. DeMaria did not provide a basis for determining how fast the escalator in question actually stopped besides a guestimate from watching the surveillance video. Furthermore, he did not offer an opinion on the correct stopping time (much less a methodology for calculating a non-negligent stopping time), and he did not provide any explanation for the relative risk involved between a sudden stop and a gradual stop. Because DeMaria's opinion is not based on any recognized methodology, the district court did not abuse its discretion in striking DeMaria as an expert after concluding that DeMaria's opinion "is not of an expert nature." *See Hallmark*, 124 Nev. at 500-01, 189 P.3d at 651.

Because the district court did not abuse its discretion in concluding that DeMaria's opinion did not satisfy the assistance requirement, we affirm the district court's decision to exclude DeMaria's testimony. *See Hotel Riviera, Inc. v. Torres*, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981) ("If a decision below is correct, it will not be disturbed on appeal even though the lower court relied upon wrong reasons.").

*Res ipsa loquitur is inapplicable*

Clark next argues that the doctrine of *res ipsa loquitur* allows her to raise an inference of negligence without expert testimony. We conclude that the doctrine of *res ipsa loquitur* is inapplicable.

An inference of negligence may be raised where the plaintiff shows (1) the defendant was in exclusive control of the instrumentality causing injury, (2) the accident causing injury does not ordinarily happen in the absence of negligence, and (3) the defendant is in a better position than the plaintiff to explain the cause of the accident. *Otis Elevator Co. v. Reid*, 101 Nev. 515, 519, 706 P.2d 1378, 1380 (1985).

SUPREME COURT
OF
NEVADA

(O) 1947A

Other jurisdictions have held that *res ipsa loquitur* is inappropriate in similar escalator-related cases because a plaintiff cannot show exclusive control where the machine was subject to extensive public contact or because applying the doctrine would make the owner the insurer of all who use the escalator. *See, e.g., Parris v. Port of N.Y. Auth.*, 850 N.Y.S.2d 53, 54-55 (App. Div. 2008); *Tinder v. Nordstrom, Inc.*, 929 P.2d 1209, 1213-14 (Wash. Ct. App. 1997). Other jurisdictions have also held that expert testimony is required to establish that sudden escalator stoppage was caused by negligence and thus the doctrine of *res ipsa loquitur* is inapplicable. *See, e.g., Holzhauer v. Saks & Co.*, 697 A.2d 89, 95 (Md. 1997). We find the reasoning of these cases persuasive and conclude that the facts of this case do not permit an inference of negligence in Clark's favor.

*The district court did not abuse its discretion by denying Clark's motion to extend discovery*

Next, Clark argues that the district court abused its discretion by denying her motion to extend discovery because she satisfied her burden of showing excusable neglect. The phrase "excusable neglect," as used in the applicable local rule, EDCR 2.35, has not been defined by this court.

This court reviews a district court's decision on discovery matters for an abuse of discretion. *Club Vista Fin. Servs., L.L.C. v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 276 P.3d 246, 249 (2012). This court reviews de novo the district court's legal conclusions regarding court rules. *Casey v. Wells Fargo Bank, N.A.*, 128 Nev. ___, ___, 290 P.3d 265, 267 (2012).

EDCR 2.35(a) provides that a request for additional time for discovery made later than 20 days from the close of discovery "shall not be

granted unless the moving party, attorney or other person demonstrates that the failure to act was the result of excusable neglect." The meaning of the term excusable neglect appears well settled. For example, *Black's Law Dictionary* defines "excusable neglect" as follows:

> A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.

*Black's Law Dictionary* 1133 (9th ed. 2009). A number of Nevada cases have applied "excusable neglect" as grounds for enlarging time under NRCP 6(b)(2) and as a basis for setting aside a judgment under NRCP 60(b)(1). The concept of "excusable neglect" does not apply to a party losing a fully briefed and argued motion; instead, the concept applies to instances where some external factor beyond a party's control affects the party's ability to act or respond as otherwise required. *See, e.g., Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 667-68, 188 P.3d 1136, 1145-46 (2008) (concluding that, under NRCP 6(b)(2), excusable neglect may justify an enlargement of time to allow for substitution of a deceased party where the delay was caused by a lack of cooperation from the decedent's family and attorney); *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 273, 849 P.2d 305, 308 (1993) (affirming a district court's finding of excusable neglect under NRCP 60(b)(1) where default judgment resulted from a lack of notice); *Yochum v. Davis*, 98 Nev. 484, 486-87, 653 P.2d 1215, 1216-17 (1982) (reversing a district court's order denying a motion to set aside a

default judgment under NRCP 60(b)(1) where default resulted from a lack of procedural knowledge).

In the present case, the district court entered its order striking DeMaria as an expert witness in June 2012, after briefing by both parties and a hearing. Clark filed her motion in July 2012, over three months after discovery closed, seeking additional time to secure a new expert witness. Clark argues that "[t]here was no way for Ms. Clark's attorneys to have foreseen the district court going so far afield of the rules for admissibility of experts in premises liability." The notion that one would need an expert with specialized knowledge of escalators in such a case is not unusual or novel, however, and allowing a party to reopen discovery upon losing a motion to strike or a motion in limine would unnecessarily burden the timely and efficient resolution of litigation. Accordingly, we conclude that "excusable neglect" as used in EDRC 2.35(a) does not include circumstances where a party loses a fully briefed and argued motion on its merits. Accordingly, we affirm the district court's order adopting the discovery commissioner's finding refusing to reopen discovery.

*The district court did not abuse its discretion by denying Clark leave to file an amended complaint to add Otis Elevator Company as a defendant*

Last, we reject Clark's argument that the district court abused its discretion by denying Clark leave to file an amended complaint to add Otis Elevator Company, d.b.a. Nevada Elevator Company (Otis) as a defendant. Although NRCP 15(a) provides that leave to amend "shall be freely given when justice so requires," leave to amend is not appropriate in the face of "undue delay, bad faith or dilatory motive." *Stephens v. S. Nev. Music Co.*, 89 Nev. 104, 105-06, 507 P.2d 138, 139 (1973). NRCP 10(a) allows a party to designate an unknown defendant and later amend the

pleadings once the name of the defendant becomes known. NRCP 15(c) allows amended pleadings to relate back to the time the original complaint was filed in certain circumstances.

We have held that amending a complaint under Rule 10(a) requires that the party (1) plead a fictitious or Doe defendant in the caption of the original complaint; (2) plead the basis for naming defendants by other than their true identity, and clearly specify the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercise reasonable diligence in ascertaining the identity of the intended defendants and promptly move to amend the complaint. *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 881, 822 P.2d 1100, 1106 (1991).

Although the complaint contains Doe defendants in the caption, the body of the complaint only mentions the Doe defendants in a vague and cursory manner, without any mention of an entity responsible for maintenance or operation of the escalator.[1] Gold Coast avers that it produced the maintenance agreement between Otis and Gold Coast in June 2010, while the motion for leave to file an amended complaint was not filed until December 2011.

Clark acknowledges Gold Coast's argument that she waited well over a year to seek leave to file an amended complaint but does not actually address it. Instead, she argues that the statute of limitations had

---

[1]Clark argues that she made allegations against the installer or repairer of the escalator, but the actual complaint only names Gold Coast as said installer and repairer, and does not relate the installation or repair of the escalator to any mention of Doe or fictitious defendants.

not yet run, thus there could not be any undue delay or lack of diligence. This argument is circular, and adopting Clark's reasoning here would undermine the purpose for having a timeliness requirement for adding a Doe defendant outside of the statute of limitations itself.

Clark also argues that because Otis was indemnifying Gold Coast, Otis had notice of the action. Although notice is relevant for determining whether a pleading may relate back, *Costello v. Casler*, 127 Nev. ___, ___, 254 P.3d 631, 634 (2011), it is not a relevant factor in determining whether a new defendant may be named in place of a Doe defendant under NRCP 10. *See Nurenberger*, 107 Nev. at 881, 822 P.2d at 1106. Instead, we conclude that because Clark did not attempt to amend the complaint until over a year after Otis's identity had been disclosed, the circumstances of this case fall clearly outside of the factors set forth in *Nurenberger*, and thus the district court did not abuse its discretion by denying Clark's motion to file an amended complaint.[2] *See Holcomb Condo. Homeowners' Assoc., Inc. v. Stewart Venture, L.L.C.*, 129 Nev. ___, ___, 300 P.3d 124, 130-31 (2013) (providing that "this court will not disturb a trial court's denial of leave to amend absent an abuse of discretion"). Accordingly, we

---

[2]We conclude that Clark waived her argument that Gold Coast did not timely file its motion for summary judgment. *See Thomas v. Hardwick*, 126 Nev. 142, 158-59, 231 P.3d 1111, 1121 (2010) (concluding that where a party raises an issue for the first time on a motion for reconsideration, and the trial court does not address the merits of the motion, the issue is waived). For the same reasons, we also conclude that Clark waived her argument that she did not need an expert based on her theory that Gold Coast had a nondelegable duty to operate the escalator safely and that the sudden stop was unreasonably dangerous. *See id.*

ORDER the judgment of the district court AFFIRMED.

_____ Pickering _____, J.
Pickering

_____ Parraguirre _____, J.
Parraguirre

_____ Saitta _____, J.
Saitta

cc: Hon. Michael Villani, District Judge
    William C. Turner, Settlement Judge
    Christensen Law Offices, LLC
    Rogers, Mastrangelo, Carvalho & Mitchell, Ltd.
    Eighth District Court Clerk