**131 Nev., Advance Opinion 68**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCIA M. BERGENFIELD, AN
INDIVIDUAL; AND LAWRENCE
BERGENFIELD, AN INDIVIDUAL,
Appellants,
vs.
BAC HOME LOANS SERVICING, LP,
Respondent.

No. 67136



FILED

SEP 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Jurisdictional screening of an appeal from a district court order dismissing a complaint for lack of jurisdiction in a tort action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

*Dismissed.*

Hafter Law and Jacob L. Hafter, Las Vegas,
for Appellants.

Akerman LLP and Ariel E. Stern and William S. Habdas, Las Vegas,
for Respondent.

BEFORE HARDESTY, C.J., SAITTA and GIBBONS, JJ.

## OPINION

By the Court, GIBBONS, J.:

In this opinion, we determine whether a plaintiff can appeal from a district court order that dismisses the complaint but allows the plaintiff leave to amend. We conclude that an order of this nature is not a

final, appealable judgment. If the plaintiff does not intend to amend its complaint, then it must provide the district court with written notice of its intent to stand on its complaint as drafted, so the district court can enter a final, appealable order. Here, the plaintiff did not provide the district court said notice, thus we dismiss this appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

Appellants Marcia M. Bergenfield and Lawrence Bergenfield filed a complaint against respondent BAC Home Loans Servicing, LP, asserting fraud and consumer fraud. BAC moved to dismiss the complaint. The district court granted BAC's motion to dismiss but allowed the Bergenfields leave to file an amended complaint. The Bergenfields then filed a first amended complaint, once again asserting fraud and consumer fraud. Again the district court dismissed it, allowing the Bergenfields leave to amend. However, instead of filing a second amended complaint, the Bergenfields appealed.[1] This court issued an order to show cause why this appeal should not be dismissed for lack of jurisdiction. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011) ("[W]hether a court lacks subject matter jurisdiction can be raised by the parties at any time, or sua sponte by a court of review . . . ." (internal quotations omitted)).

## DISCUSSION

This court's appellate jurisdiction is limited to appeals authorized by statute or court rule. *Brown v. MHC Stagecoach, LLC*, 129

---

[1]The Bergenfields did not seek and the district court did not certify any of the dismissed issues under NRCP 54(b).

Nev., Adv. Op. 37, 301 P.3d 850, 851 (2013). NRAP 3A(b) sets forth the judgments from which a party may appeal. If a judgment "constitutes a final judgment, then it is substantively appealable under NRAP 3A(b)(1)." *Brown*, 129 Nev., Adv. Op. 37, 301 P.3d at 851. "This court determines the finality of an order or judgment by looking to what the order or judgment actually *does,* not what it is called." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994). "This court has consistently looked past labels in interpreting NRAP 3A(b)(1), and has instead taken a functional view of finality, which seeks to further the rule's main objective: promoting judicial economy by avoiding the specter of piecemeal appellate review." *Id.* at 444, 874 P.2d at 733.

Here, we are tasked with determining an issue of first impression: whether an order dismissing a complaint with leave to amend is a final, appealable judgment.

In the United States Court of Appeals for the Ninth Circuit, an order dismissing a complaint with leave to amend is not final and, thus, not appealable. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *see also Moya v. Schollenbarger*, 465 F.3d 444, 451 (10th Cir. 2006) ("[W]hen the dismissal order expressly *grants* the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision."). "[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint." *WMX Techs.*, 104 F.3d at 1136. A plaintiff must obtain "[a] further district court determination." *Id.* A plaintiff obtains such a determination by "fil[ing] in writing a notice of intent not to file an amended complaint." *Id.* at 1135 (internal quotations omitted). "[F]iling of such notice gives the

district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable." *Id.* (internal quotations omitted); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) ("In *WMX Technologies*, we specifically noted that a plaintiff may obtain an appealable final judgment by filing in writing a notice of intent not to file an amended complaint." (internal quotations omitted)).

As explained by the Ninth Circuit, we conclude that this rule, requiring the plaintiff to obtain a further district court determination, is based on sound policy considerations because it allows plaintiffs to "exercise their right to stand on a complaint [and appeal the issue of] whether the complaint is adequate as a matter of law." *Edwards*, 356 F.3d at 1065. At the same time, it "requires only a modicum of diligence by the parties and the district court, avoids uncertainty, and provides for a final look before the arduous appellate process commences." *WMX Techs.*, 104 F.3d at 1136.

Thus, we are persuaded by the Ninth Circuit's approach and conclude that a district court order dismissing a complaint with leave to amend is not final and appealable. Generally, after issuing an order dismissing a complaint with leave to amend, "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant," the district court should grant a party's motion for leave to amend. *Stephens v. S. Nev. Music Co., Inc.*, 89 Nev. 104, 105-06, 507 P.2d 138, 139 (1973) (discussing NRCP 15(a)). If the plaintiff, however, chooses to stand on its complaint as drafted, then it must file a written notice with the district court revealing its choice within 30 days from the date of written notice of entry of the court's order of

dismissal. The district court can then enter a final and appealable order of dismissal, i.e., one without leave to amend. *See* NRAP 3A(b)(1); *see also* NRAP 4(a)(1) (stating that generally a notice of appeal must be filed "no later than 30 days after the date that written notice of entry of the judgment or order appealed from is served").

In the present case, the district court order granting BAC's second motion to dismiss is not final and appealable because it allows the Bergenfields leave to amend. The Bergenfields did not notify the district court that they intended to stand on their first amended complaint. As a result, the district court never entered a final, appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.

_____, J.
Gibbons

We concur:

_____, C.J.
Hardesty

_____, J.
Saitta