# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL FOLEY,
Appellant,
vs.
PNC FINANCIAL SERVICES,
Respondent.

No. 73862

FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court judgment entered upon an arbitration award in a contract action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

We conclude that the district court was within its discretion in denying appellant's request for trial de novo. *Gittings v. Hartz*, 116 Nev. 386, 391, 996 P.2d 898, 901 (2000) (reviewing for an abuse of discretion a district court's decision to strike a request for trial de novo).[2] In particular, the district court was within its discretion in determining that appellant's mistaken belief regarding a pending in forma pauperis motion did not excuse his failure to participate in the arbitration proceeding during the

---

[1]We conclude that a response to the informal brief is not necessary. NRAP 46A(c). Pursuant to NRAP 34(f)(3), this appeal has been decided based on the pro se brief and the record.

[2]We are not persuaded that appellant was prejudiced by the district court construing respondent's motion to "strike" as a motion to "deny." Appellant has not explained what additional argument he would have made in an opposition to a motion to "deny" that he did not make in his opposition to the motion to "strike."

18-22874

four months following the early arbitration conference.[3]  *See* NAR 22(A) ("The failure of a party or an attorney to . . . prosecute . . . a case in good faith during the arbitration proceedings shall constitute a waiver of the right to trial de novo.").

We also conclude that the district court was within its discretion in denying appellant's motion for leave to file an amended complaint. *See Stephens v. S. Nev. Music Co.*, 89 Nev. 104, 105, 507 P.2d 138, 139 (1973) (reviewing for an abuse of discretion the district court's denial of leave to file an amended complaint). Among other reasons, it appears that appellant may have been acting in bad faith by alleging without explanation that his damages exceeded NAR 3(A)'s amount-in-controversy threshold only after the arbitrator rendered an award against appellant. *Cf. Stephens*, 89 Nev. at 105, 507 P.2d at 139 (indicating that a litigant's bad faith is a justifiable basis for denying leave to amend). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_Pickering_ , J.
Pickering

_Gibbons_ , J.
Gibbons

_Hardesty_ , J.
Hardesty

cc:  Hon. Mark R. Denton, District Judge
Michael Foley
Wolfe & Wyman LLP
Eighth District Court Clerk

---

[3]We question how appellant could not have been aware of the rejected in forma pauperis motion until February 2017 when he electronically filed a document on January 19, 2017.