IN THE SUPREME COURT OF THE STATE OF NEVADA

WORLD CLASS, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
JEFFREY R. BAGG, AN INDIVIDUAL,
Appellants,
vs.
CRAIG DRUCKER, INDIVIDUALLY,
AND AS TRUSTEE OF THE GRYPHON
TRUST DATED JANUARY 17, 2003;
AND ZIA TRUST INC., CUSTODIAN
FOR THERESA A. GLASS IRA #972900,
Respondents.

No. 81537

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a contract action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.[1]

When appellants defaulted on a loan, respondents began foreclosure proceedings on the loan's collateral and appellants filed the underlying contract dispute. In response to respondents' motion to dismiss the action, appellants sought leave to amend the complaint but did not include a copy of their proposed amended complaint. After the district court permitted limited discovery, appellants filed an amended complaint but withdrew it because they did not have respondents' consent or leave of court to file it. *See* NRCP 15(a)(2) (providing that after a responsive pleading has

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-19798

been filed, a party may amend a pleading "only with the opposing party's written consent or the court's leave"). Appellants then orally requested leave to amend the complaint but once again did not provide a proposed amended complaint to the court. The district court denied the request and entered summary judgment in respondents' favor.[2]

Appellants do not challenge the substance of the district court's summary judgment; therefore, we do not address the contents of that judgment. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (providing that issues not raised on appeal are deemed waived). Instead, appellants argue that the district court abused its discretion entering summary judgment without first allowing them leave to amend their complaint. We review for an abuse of discretion, *Whealon v. Sterling*, 121 Nev. 662, 665, 119 P.3d 1241, 1244 (2005), and disagree, *see Stephens v. S. Nev. Music Co.*, 89 Nev. 104, 105, 507 P.2d 138, 139 (1973) (acknowledging that the district court may, "in a proper case, deny a motion to amend"). Appellants did not provide the district court with a proposed amended complaint when they made their written motion or their oral motion to amend as required by EDCR 2.30(a) ("A copy of the proposed amended pleading must be attached to any motion to amend the pleading."). Additionally, appellants' written and oral motions failed to sufficiently explain to the court what the amended complaint would accomplish or show

---

[2]Respondents' motion to dismiss alternatively sought summary judgment pursuant to NRCP 56 because they presented matters outside the pleadings. *See* NRCP 12(d) (explaining that when the district court considers matters outside the pleadings when ruling on a motion to dismiss, "the motion must be treated as one for summary judgment").

that the amendment would not be futile. *See Adamson v. Bowker*, 85 Nev. 115, 121, 450 P.2d 796, 801 (1969) ("Where there is no showing of the nature or substance of the proposed amendment or what the appellant expects to accomplish by it, a reviewing court cannot say a trial court abused its discretion in denying leave to amend."); *see also Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 398, 302 P.3d 1148, 1152 (2013) (observing that "leave to amend should not be granted if the proposed amendment would be futile"). For these reasons, we cannot say that the district court abused its discretion when it denied appellants leave to amend their complaint.[3]

Lastly, the district court did not abuse its discretion denying appellants' request to delay ruling on respondents' motion to allow appellants to file a motion for leave to amend their complaint. *See Summerfield v. Coca Cola Bottling Co. of the Sw.*, 113 Nev. 1291, 1295, 948 P.2d 704, 706 (1997) (reviewing district court's decision whether to grant a continuance for an abuse of discretion). As discussed above, appellants failed to properly seek leave to amend their complaint, and the district court had already delayed ruling on respondents' motion to allow discovery and

---

[3]To the extent appellants suggest their failure to provide a copy of their proposed amended complaint should be excused because the district court could look to their previously withdrawn first amended complaint, we decline to address that argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n. 38, 130 P.3d 1280, 1288 n.38 (2006) (providing that an appellant must "cogently argue, and present relevant authority, in support of his appellate concerns").

SUPREME COURT
OF
NEVADA

(O) 1947A

3

supplemental briefing, during which time appellants did not file a motion to amend. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr. J.
Gibbons

cc: Hon. Susan Johnson, District Judge
Stephen E. Haberfeld, Settlement Judge
Hurtik Law & Associates
Holley Driggs/Las Vegas
Eighth District Court Clerk

_____

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.